ARW:rmh

# United States District Court
## STATE AND DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| V. | Case Number: 11-mj-550-JSM |
| IRAH LEE GOODWIN | |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about June 25, 2011, in St. Louis County, in the State and District of Minnesota, defendant,

having been previously convicted in the State and District of Minnesota of one or more crimes punishable by imprisonment for a term exceeding one year, knowingly and intentionally possessed, in and affecting commerce, a firearm, that is, an Rossi .357 revolver (serial number F096922)

in violation of Title 18, United States Code, Section(s) 922(g)(1) and 2.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

Signature of Complainant
RUSS TRAURIG
ATF

Sworn to before me, and subscribed in my presence,

December 21, 2011                at       Fargo, ND
Date                                      City and State
The Honorable Karen K. Klein
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer          Signature of Judicial Officer

SCANNED
U.S. DISTRICT COURT ST. PAUL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Magistrate no.

1. Your affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and has been so employed with that agency for approximately thirteen years as a Special Agent, seven years as a United States Secret Service Agent, and three years as a Military police officer. Your Affiant has investigated violations of Federal Law as a law enforcement officer for approximately 20 years and has been involved in numerous cases related to violations of the Federal Firearms and Narcotics Laws. These Laws include 18 USC 922 (g)(1) Felon in Possession of a firearm, and 18 USC SECTION 924 (c) use of a firearm during or in relation to a crime of violence or drug trafficking crime, and other federal firearms and narcotics laws. In the course of this investigation, your affiant has conferred with other law enforcement officers and reviewed reports and documentation that assisted him in providing the following details. Your affiant has also interviewed and received information from cooperating defendants, sources, and informants. Your affiant works on the Headwaters Safe Trails Task Force that includes Law Enforcement Agents from a variety of agencies including the FBI, ATF, BIA, BCA, the Paul Bunyan Drug Task

Force and other local agencies.

2. On June 25th, 2011 in the early morning hours, the Fond Du Lac Tribal Police and St. Louis County Sheriff's Department were called to 8221 Mahnomen Road in St. Louis County, Minnesota on the report of an assault. Upon arrival, officers observed two males who, when seen by officers, began running together from the scene. Both were arrested and identified as the defendant IRAH LEE GOODWIN (hereinafter "GOODWIN"), DOB 4/26/86 and a known juvenile male (hereinafter, "the juvenile").

3. Police spoke to a victim, A.D., who described what led up to the 911 call. A.D. stated she had been at a party with the second victim, W.Y., earlier in the evening. A.D. left the party without W.Y. and returned to her residence on Mahnomen Road. A.D. stated that between 2:00 and 3:00 AM, a group of people arrived at her residence and were denied entrance. Around 4:20 AM, the group returned, were again denied entrance, but remained outside the residence drinking alcohol. When W.Y. returned to this residence he was confronted by a known third party. A fight ensued between W.Y., the known third party, and the juvenile. According to A.D., the juvenile was stomping W.Y.'s head and when A.D. stood over W.Y. to protect him, GOODWIN approached and pulled a black revolver from his pants. GOODWIN then pressed the revolver to A.D.'s head and said "I'll fucking

shoot you, I don't have a problem shooting you" and "get the fuck off him so we can finish him." A.D. fled and called the police.

4. A.D. then hid W.Y. in her van at the residence. GOODWIN returned and began searching for W.Y. and kicked a door in at A.D.'s residence. Police found the door frame broken. Police spoke to W.Y., who had visible injuries from the assault. W.Y. told police that GOODWIN had pointed a gun at him when he was on the ground during the assault.

5. Police spoke with other witnesses present near 8211 Mahnomen Road. Witness A, after initially denying being present for any of the events, admitted that he had observed GOODWIN in possession of a handgun earlier that evening and that he had witnessed GOODWIN discharge the firearm. Witness B stated he had observed GOODWIN point a handgun at A.D. and W.Y.

6. Police noted that GOODWIN has tattoos on his left arm that read "steady mobbing" and "Native Mob". Several officers noted that, upon his arrest, GOODWIN repeatedly yelled to others at the scene, "don't say shit about the Native Mob!"

7. Witness C told police that she had observed the two suspects run from the police and that the juvenile had discarded a firearm under her porch. Police located a black Interarms/Rossi .357 caliber revolver, serial number F096922, under a nearby window along the path of both GOODWIN's and the juvenile's flight. The firearm was loaded

with 5 rounds and was wrapped in a red cloth. Your affiant knows that the primary color for the Native Mob is red.

8.  When interviewed, the juvenile told police that he is a member of the Native Mob and he claimed ownership of the firearm. Based upon training and experience, your affiant knows that both GOODWIN and the juvenile are members of the Native Mob. Your affiant further knows that Native Mob members are expected to share firearms with each other and that juvenile members of the Native Mob often claim possession of firearms and other contraband as way of gaining status in the gang and to protect older members with more extensive criminal histories from exposure to long prison sentences.

9.  Your affiant has traced the firearm through the ATF National Tracing Center. Through this trace and through his own experience, you affiant knows that Interarm/Rossi firearms are not manufactured within the State of Minnesota, thus, the firearm in GOODWIN's possession had traveled in interstate commerce prior to June 25, 2011.

10. The firearm recovered has been examined for the presence of DNA. I have reviewed the report which indicates that there is insufficient genetic information on the .357 revolver for any comparison with known DNA samples.

11. Your affiant has conducted checks into GOODWIN's criminal history. GOODWIN has been convicted of felonies (crime

punishable by more than one year imprisonment) to include:

    2003 St. Louis Co. - Terroristic Threats

    2003 St. Louis Co. - Accomplice to 2nd Degree Murder

    2004 St. Louis Co. - Escape from Custody

    2010 St. Louis Co. - Simple Robbery

Based upon this conviction history, GOODWIN is prohibited from possessing a firearm.

12. Based on the above facts, and on my training and experience I have probable cause to believe that the foregoing facts establish that the defendant, IRAH LEE GOODWIN, possessed a firearm on or about June 25, 2011, in the State and District of Minnesota, in violation of Title 18, U.S.C. Section 922(g)(1).

Further your Affiant sayeth not.

_____
RUSS TRAURIG
Special Agent

SUBSCRIBED and SWORN to before me

this 21th day of December, 2011.

_____
Karen ~~MARY~~ KLEIN
Magistrate Judge