# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26 (JRT/JSM) |

Plaintiff,

v.

(1) WAKINYON WAKAN MCARTHUR,
(2) SHAUN MICHAEL MARTINEZ,
(3) CHRISTOPHER LEE WUORI,
(4) ANTHONY FRANCIS CREE,
(6) WILLIAM EARL MORRIS,
(7) DAMIEN LEE BEAULIEU,
(8) ALEX JOHN JONES,
(9) DALE WESLEY BALLINGER, JR.,
(11) STIRLING MICHAEL HEATON
(13) SAMUEL KYLE WHITE,   **ORDER**
(14) ERIC LEE BOWER,
(15) CODEY JOSEPH STONE,
(16) JUSTEN LEE POITRA,
(17) JASON FRANCIS POITRA,
(19) MATTHEW STEVEN POITRA,
(21) AARON JAMES GILBERT, JR.,
(23) KIERON KEITH KIER,
(24) LANCE MAURICE HANKS,

Defendants.

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Frederick J. Goetz, **GOETZ & ECKLAND PA**, 43 Main Street Southeast, Suite 505, Minneapolis, MN 55414, for defendant McArthur.

Andrew S. Birrell, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South 7th Street, Suite 2900, Minneapolis, MN 55402, for defendant Martinez.

Jennifer E. Speas, **SPEAS LAW FIRM, PA**, 310 4th Avenue South, Suite 1050, Minneapolis, MN 55415, for defendant Wuori.

John C. Brink, **JOHN C BRINK, LAWYER**, 331 2nd Avenue South, Suite 110, Minneapolis, MN 55401, for defendant Cree.

Thomas H. Shiah, **LAW OFFICES OF THOMAS H SHIAH**, 247 Third Avenue South, Minneapolis, MN 55415, for defendant Morris.

Paul Daniel Schneck, **PAUL DANIEL SCHNECK, LTD**, 701 Fourth Avenue South, Suite 500, Minneapolis, MN 55415, for defendant Beaulieu.

Paul C. Engh, **PAUL ENGH LAW OFFICE**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402, for defendant Jones.

Kevin W. DeVore, **LARSON KING, LLP**, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, for defendant Ballinger.

Thomas M. Kelly, **KELLY & JACOBSON**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402, for defendant Heaton.

Kevin M. O'Brien, **O'BRIEN LAW OFFICE**, Barristers Trust Building, 247 Third Avenue South, Minneapolis, MN 55415, for defendant White.

Deborah K. Ellis, **ELLIS LAW OFFICE**, 101 East Fifth Street, Suite 2626, St. Paul, MN 55101, for defendant Bower.

George R. Dunn, **TILTON & DUNN, P.L.L.P.**, 101 Fifth Street East, Suite 2220, St. Paul, MN 55101, for defendant Stone.

James R. Behrenbrinker, **BEHRENBRINKER LAW FIRM**, 400 South Fourth Street, Suite 202, Minneapolis, MN 55415, for defendant Justen Lee Poitra.

Robert D. Richman, **LAW OFFICE**, P.O. Box 16643, St. Louis Park, MN 55416, for defendant Jason Francis Poitra.

Paul J. Edlund, **ATTORNEY AT LAW**, 220 South Sixth Street, Suite 215, Minneapolis, MN 55402, for defendant Matthew Steven Poitra.

Andrew S. Garvis, **KOCH & GARVIS**, Lake Calhoun Professional Building, 3109 Hennepin Avenue South, Minneapolis, MN 55408, for defendant Gilbert.

Kurt B. Glaser, **SMITH & GLASER, LLC**, 510 First Avenue North, Suite 610, Minneapolis, MN 55403-1610, for defendant Kier.

Robert M. Paule, **ROBERT M. PAULE, PA**, 250 Marquette Avenue South, Suite 1200, Minneapolis, MN 55401, for defendant Hanks.

On February 9, 2012, United States Magistrate Judge Janie S. Mayeron signed a protective order mandating that (1) discovery materials produced by the United States must at all times remain in the custody of counsel[1] for each defendant; (2) defendants may not make copies of such materials or retain the materials outside of the presence of counsel; (3) at the conclusion of each case, including the exhaustion of appeals, defense counsel must return such discovery materials to the United States, including any copies made by counsel; and (4) discovery materials shall be maintained by the United States for at least ten years from the date of the final appeal of the last defendant. (Docket No. 227.) Defendants Wakinyon Wakan McArthur, Shaun Michael Martinez, Christopher Lee Wuori, Anthony Francis Cree, William Earl Morris, Damien Lee Beaulieu, Alex John Jones, Dale Wesley Ballinger, Jr., Stirling Michael Heaton, Samuel Kyle White, Eric Lee Bower, Codey Joseph Stone, Justen Lee Poitra, Jason Francis Poitra, Matthew Steven Poitra, Aaron James Gilbert, Jr., Kieron Keith Kier, and Lance

---

[1] Discovery materials may also remain in the custody of investigators or other staff who work with defense counsel.

Maurice Hanks ("the Defendants") separately object to the protective order.[2] Because the protective order is necessary to protect cooperating witnesses, the Court will affirm it.

A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). The entry of a protective order is nondispositive and therefore the Court will only modify or set aside the magistrate judge's order if it is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); *see also* Local Rule 72.2(a); *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.") (internal quotation marks omitted).

The Defendants raise various objections to the protective order, including that it is overly broad and should not apply to each individual Defendant; that Defendants were not given the opportunity to argue that the protective order should not apply to them; that the order violates Defendants' due process rights, right to assistance of counsel, and other constitutional rights; that it is impractical or impossible for defense counsel to review all of the discovery materials with the Defendants; that less restrictive alternatives are available for the protective order; that defense counsel should be allowed to retain copies of the discovery after the exhaustion of appeals; that the protective order is overly

---

[2] Correspondingly, Docket Nos. 290, 294, 302, 292, 287, 322, 310, 298, 293, 295, 314, 280, 296, 313, 307, 288, 291, and 299.

burdensome, will delay trial, and is no longer necessary; and that good cause does not exist for the order, among other arguments.

Federal Rule of Criminal Procedure 16(d)(1) allows the Court to restrict the inspection of discovery "for good cause" based upon an *ex parte* motion. A protective order is appropriate where its purpose is to protect persons cooperating on the case and where "[a]n adversary proceeding would have defeated the very purpose of the requested order . . . ." *United States v. Pelton*, 578 F.2d 701, 707 (8th Cir. 1978). A protective order must not prejudice a defendant's substantial rights, however. *See id.*; *United States v. Naeem*, 389 Fed. App'x 245, 247 (4th Cir. 2010).

At this stage, the Court will overrule the Defendants' objections and affirm the protective order. The United States has submitted a detailed affidavit demonstrating that, without the restrictions imposed by the protective order, the Defendants will pose a risk to cooperating witnesses. The protection of cooperating witnesses is good cause for the protective order. The United States also properly used the *ex parte* procedure allowed by Rule 16(d)(1) because of the sensitive nature of the material included in the affidavit and the risk it could pose to cooperating witnesses if made public.

Furthermore, based on the information currently before it, the Court finds that the Defendants' rights will not be substantially violated by the protective order. "There is no general constitutional right to discovery in a criminal case," and the Defendants have not demonstrated that the protective order violates their rights, including their right to defend themselves. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The protective order

provides full access to discovery materials by defense counsel, through the exhaustion of all appeals, and it allows counsel to share those materials with the Defendants.

The Court will deny the motions without prejudice to allow individual requests for exceptions to the protective order. Such requests should identify specific pieces of evidence or categories of evidence to which the Defendant request an exception, the conditions under which the Defendant seeks to access such evidence, and an explanation regarding why the current protective order would burden the Defendant's substantial rights as to those pieces or categories of evidence.

## ORDER

` Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendants' objections [Docket Nos. 280, 287, 288, 290, 291, 292, 293, 294, 295, 296, 298, 299, 302, 307, 310, 313, 314, 322] and **AFFIRMS** the protective order dated February 9, 2012 [Docket No. 227].

**IT IS FURTHER HEREBY ORDERED** that defendant Stone's Motion for Hearing Regarding his Objection to the Magistrate's Protective Order [Docket No. 300] is **DENIED as moot.**

DATED: April 30, 2012                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                       United States District Judge