| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) WAKINYON WAKAN MCARTHUR,<br>(2) SHAUN MICHAEL MARTINEZ,<br>(3) CHRISTOPHER LEE WUORI,<br>(4) ANTHONY FRANCIS CREE, and<br>(6) WILLIAM EARL MORRIS,<br><br>Defendants. | Criminal No. 12-26 (JRT/JSM)<br><br>**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE DATED NOVEMBER 19, 2012** |

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Frederick J. Goetz, **GOETZ & ECKLAND PA**, 43 Main Street Southeast, Suite 505, Minneapolis, MN 55414, for defendant Wakinyon Wakan McArthur.

Jon M. Hopeman, **FELHABER LARSON FENLON & VOGT, PA**, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402-4504, and Paul C. Dworak, **GASKINS, BENNETT, BIRRELL, SCHUPP, LLP**, 333 South Seventh Street, Suite 2900, Minneapolis, MN 55402, for defendant Shaun Michael Martinez.

Robert D. Sicoli, **LAW OFFICES OF ROBERT D. SICOLI, LTD.**, 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, for defendant Christopher Lee Wuori.

John C. Brink, 310 Fourth Avenue South, Suite 1008, Minneapolis, MN 55415, for defendant Anthony Francis Cree.

Thomas H. Shiah, **LAW OFFICES OF THOMAS H. SHIAH**, 247 3rd Avenue South, Minneapolis, MN 55415, for defendant William Earl Morris.

The United States filed a superseding indictment against defendants Wakinyon Wakan McArthur, Christopher Lee Wuori, Anthony Francis Cree, and William Earl Morris, among other defendants, alleging that the defendants are members of the Native Mob gang and engaged in a conspiracy to participate in racketeering activity, among other crimes. McArthur, Wuori, Cree, and Morris filed motions to sever. (Docket Nos. 745, 750, 751, 752, 758.) United States Magistrate Judge Janie S. Mayeron denied these motions in an order dated November 19, 2012. (Docket Nos. 831, 833, 834, 835.) McArthur, Wuori, Cree, and Morris filed objections to this order. (Docket Nos. 839, 840, 841, 842.) Because the Magistrate Judge's order was not clearly erroneous or contrary to law, the Court will affirm it and deny the motions to sever.[1]

## I. STANDARD OF REVIEW

A district court's review of a magistrate judge's order on nondispositive matters is "extremely deferential." *See Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980). This Court

---

[1] Martinez also objected to the Magistrate Judge's denial of his motion to sever. (Docket No. 837.) Since filing this objection, Martinez has entered a guilty plea. The Court has deferred acceptance of the plea agreement because of its inability to assess the proposed sentence without a full review of the statutory sentencing factors. Because Martinez has entered a guilty plea and will not stand trial, his motion to sever is moot and the Court will affirm the order of the Magistrate Judge.

will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a); D. Minn. LR 72.2(a).[2]

## II. *BRUTON* ISSUES

First, McArthur argues that his rights under *Bruton v. United States*, 391 U.S. 123 (1968), would be violated if his trial is not severed from his co-defendant Shaun Michael Martinez.[3] As support, he cites specific statements that Martinez allegedly made to a confidential informant, which McArthur claims are likely admissible as to Martinez but are inadmissible to him and thus warrant a separate trial.

After McArthur filed his motion and objections, Martinez entered a guilty plea. Martinez thus will not be part of McArthur's trial. Accordingly, the Court will not address the *Bruton* problem that might otherwise arise if Martinez was tried with McArthur and the other defendants.[4]

Cree also makes a general allegation that there may be statements that violate his *Bruton* rights if his trial is not severed from his co-defendants. However, because Cree has not identified any specific statements that would violate *Bruton* nor any facts to

---

[2] A motion to sever is a nondispositive motion. *United States v. Ortiz*, No. 08-CR-231, 2011 WL 1344213, at *1 (E.D. Wis. Apr. 8, 2011). The Court's conclusion on the motions to sever would be the same even if it had reviewed these motions *de novo*, however.

[3] For the first time, in his objections, Wuori also raised this argument.

[4] The Court will also overrule the remainder of McArthur's objections because his entire motion is based on the presumption that he will be tried with Martinez.

demonstrate a likelihood that his *Bruton* rights would be violated, the Court finds this argument to be an insufficient basis to sever the trial.

**III.　OTHER GROUNDS FOR SEVERANCE OF DEFENDANTS**

The Court must next consider the other arguments raised by the defendants in favor of severing their trials from their co-defendants. Cree argues that there will be a serious risk of undue prejudice if his trial is not severed because prejudicial evidence regarding his co-defendants does not relate to him. He also argues that he and his co-defendants have antagonistic defenses, although he did not identify the nature of these antagonistic defenses in his objections or in his original motion.

Morris argues that he will be prejudiced by a joint trial because of evidence relating to Counts 52, 53, 54, and Notice of Special Findings Regarding Count 1,[5] which involve a murder charge against Martinez.[6] Morris states that there is no evidence that he had anything to do with the homicide and thus he will be prejudiced by the admission of evidence about it. He also argues that he will be prejudiced by the admission of evidence regarding an alleged conspiracy involving controlled substances and his co-defendants because he was not involved in that conspiracy. He further alleges that he cannot be properly joined with his co-defendants. In addition, he argues that the evidence

---

[5] The Notice of Special Findings alleges a conspiracy to distribute and possess with intent to distribute drugs, as well as accusations related to Martinez's murder of Jeremee Kraskey.

[6] It appears to the Court that at least some of these charges may not be part of any joint trial because of Martinez's guilty plea, but the Court will assume for the purposes of these motions that these charges will be included.

introduced at trial may involve statements or admissions by his co-defendants made outside his presence which are inadmissible against him and other evidence that is irrelevant or inadmissible against him. As a result, he claims that he will be unduly prejudiced and denied due process if he is not granted a separate trial.

Wuori, like Morris, argues that he will be prejudiced by the murder charge added to the superseding indictment (Counts 52, 53 and 54 and Notice of Special Findings Regarding Count 1). He also alleges that he cannot be properly joined with his co-defendants. In addition, he argues that the evidence introduced at trial may involve statements or admissions by his co-defendants made outside his presence which are inadmissible against him and other evidence which is irrelevant or inadmissible against him. Accordingly, he argues that a joint trial would create undue prejudice and deny him his due process rights.

The Court must first consider if the defendants are properly joined under Federal Rule of Criminal Procedure 8(b). Under this Rule, defendants are properly joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). "[I]t is a well settled rule in [the Eighth C]ircuit that the propriety of joinder must appear on the face of the indictment." *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982). "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even

though every defendant need not have participated in or be charged with each offense." *Id.* at 656. Courts must liberally construe Rule 8(b). *Id.* at 655.

The Court finds that the requirements of Rule 8(b) are met in this case. The defendants are charged with knowing participation in an unlawful RICO conspiracy. In Count 2, the defendants are charged with a conspiracy to use and carry firearms during and in relation to a crime of violence. The remaining counts involve acts that were allegedly committed in furtherance of or in conjunction with the RICO conspiracy. Because the superseding indictment alleges that the acts taken by all defendants were acts in furtherance of a RICO conspiracy, the Court concludes that all of the accused criminal conduct stems from "the same series of acts or transactions, constituting an offense" under Rule 8(b).[7]

Federal Rule of Criminal Procedure 14 also applies to motions for severance. This Rule permits the Court, in its discretion, to sever otherwise properly joined defendants or offenses where a joint trial may result in prejudice to one of the defendants. Fed. R. Crim. P. 14(a). There is a preference for joint trials and less drastic measures than severance may suffice to alleviate the risk of prejudice. *Zafiro v. United States*, 506 U.S.

---

[7] *See United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002) ("Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense."); *United States v. Houston*, 892 F.2d 696, 703 (8th Cir. 1989) ("[T]he initial joinder of the defendants was proper pursuant to [Rule] 8(b) because the indictment charged all of the defendants with participation in a single conspiracy and charged several of the defendants with various substantive counts arising from the same conspiracy." (footnote omitted)); *see also United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995) ("Each defendant may be held accountable for actions taken by other defendants in furtherance of the [RICO] conspiracy[.]").

- 6 -

534, 537-39 (1993); *see also United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004). Generally, "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002). To grant a motion for severance, "the necessary prejudice must be severe or compelling." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (internal quotation marks omitted). Prejudice is severe where the jury would be incapable of compartmentalizing the evidence or the defendants' defenses are irreconcilable. *United States v. Frank*, 354 F.3d 910, 920 (8th Cir. 2004). In determining the jury's ability to compartmentalize the evidence, courts consider the complexity of the case and the adequacy of admonitions and instructions of the trial judge. *Pherigo*, 327 F.3d at 693. Furthermore, "a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants." *Pherigo*, 327 F.3d at 693.

The Court rejects the Defendants' arguments that a joint trial will produce severe or compelling prejudice. First, Cree, Morris and Wuori's general concerns about prejudice arising from the admission of evidence that does not relate to them are insufficient to establish severe or compelling prejudice. *See United States v. Garrett*, 961 F.2d 743, 746 (8th Cir. 1992) (holding that a defendant "must make a showing of real prejudice by demonstrating that the jury was unable to compartmentalize the evidence"

(internal quotation marks omitted)).  Cree also did not identify any specific antagonistic defenses that warrant severing the trials in his objections to the Magistrate Judge's order.[8]

The fact that the superseding indictment includes murder charges and charges of a conspiracy involving controlled substances also does not compel the severance of the trials.  *See United States v. Eufrasio*, 935 F.2d 553, 569-70 (3d Cir. 1991).  Evidence of these crimes might be admissible as to each individual defendant because of the nature of a RICO conspiracy; if this is so, the defendants' arguments about suffering undue prejudice, which are based on the premise that the evidence is inadmissible as to them, would fail.  *See id.*  Even if this evidence were not admissible as to each defendant, however, the defendants are each charged with serious crimes, and the Court does not find that it would create undue prejudice to include evidence of these additional crimes at trial.  Instead of finding undue prejudice, the Court concludes that "justice is best served by trying the members of [this] racketeering enterprise together because a joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood

---

[8] At the motions hearing in front of the Magistrate Judge, Cree identified what he claimed was a potentially antagonistic defense. (Hr'g Tr. 25-26, 34-35, Dec. 17, 2012, Docket No. 865.) Specifically, Cree stated that he intended to admit into evidence Morris's alleged admission that Cree did not know Morris was going to shoot Amos Laduke.  "Mutually antagonistic defenses exist when the jury must disbelieve the core of one defense in order to believe the core of the other." *Flores*, 362 F.3d at 1040.  Based on the evidence presented, the Court cannot determine that Cree and Morris possess antagonistic defenses.  It appears that Cree may want Morris's statement admitted while Morris will object to its admission, but this alone does not make Cree and Morris's defenses irreconcilable.  *See id.*  Furthermore, even assuming there were antagonistic defenses, Cree has not shown that there is prejudice sufficient to warrant severance. *See id.* at 1040-41.  The Court will make determinations regarding the admissibility of Morris's statement or other issues surrounding the statement at trial.

of a correct outcome." *See United States v. Darden*, 70 F.3d 1507, 1527-28 (8th Cir. 1995) (internal quotation marks omitted).

Finally, the Court has weighed the inconvenience of having separate trials. This case involves a long history of many acts allegedly committed by members of the Native Mob. Having a joint trial under these circumstances "save[s] time and money for the courts, prosecutors, and witnesses." *See Darden*, 70 F.3d at 1527. This factor thus weighs in favor of denying the motion for severance. Considering the factors discussed above and the evidence presented, the Court will overrule the objections to the denial of the defendants' motion to sever.[9]

## IV. MOTION FOR SEVERANCE OF COUNTS

Cree also moves to sever counts 1-5, 38, and Notice of Special Findings Regarding Count 1, which concern an assault on Amos Laduke and the possession with intent to distribute drugs. He argues that Rules 8 and 14 of the Federal Rules of Criminal Procedure require severance because the counts are not properly joined with the other counts in the superseding indictment and because the joinder is prejudicial.

The Court finds that the requirements of Rule 8 are met here, for the reasons described above. These counts stem from the same series of acts or transactions, constituting an offense, as the other counts in the superseding indictment. *See United*

---

[9] The Court has also considered the defendants' arguments that a joint trial would violate their due process rights. The defendants have raised no substantive allegations to support this due process argument apart from the arguments already addressed. The Court finds that there is no undue prejudice and no due process violation posed by a joint trial. *See United States v. Jackson*, 64 F.3d 1213, 1217 (8th Cir. 1995).

*States v. Midkiff*, 614 F.3d 431, 439 (8th Cir. 2010) ("Rule 8(a) allows a single indictment to charge a defendant with multiple offenses if the offenses 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" (quoting Fed. R. Crim. P. 8(a))). Furthermore, the proof for the counts are overlapping and intertwined, as they are all allegedly connected to the racketeering enterprise of the Native Mob, making joinder appropriate. *See United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) (considering whether the proof for counts "is overlapping and intertwined").

The Court also concludes that the requirements of Rule 14 are met and that there is not undue prejudice from trying the counts together. It appears that evidence regarding many, if not all, of the counts in the superseding indictment would be admissible at Cree's separate trials on only those counts which name Cree because they are all tied to the alleged RICO conspiracy. *See United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997); *Davis*, 103 F.3d at 676; *Darden*, 70 F.3d at 1527. Even if this were not the case, however, Cree has not made a "specific showing" that a jury could not compartmentalize the evidence between counts or that he would otherwise be prejudiced by trying the counts together. *See United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006); *Davis*, 103 F.3d at 676. Accordingly, the Court will deny the motion to sever the counts.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendants' objections [Docket Nos. 837, 839, 840, 841, 842] and **AFFIRMS** the Order of the Magistrate Judge [Docket Nos. 831, 832, 833, 834, 835].

DATED: January 8, 2013  
at Minneapolis, Minnesota.

                                             s/ John R. Tunheim  
                                              JOHN R. TUNHEIM  
                                              United States District Judge