UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY FRANCIS CREE,<br><br>Defendant. | Criminal No. 12-26 (4) (JRT/JSM)<br><br>**ORDER DENYING MOTION FOR PERMISSION TO EXEMPT EXHIBITS FROM THE PROTECTIVE ORDER** |

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

John C. Brink, **JOHN C. BRINK, LAWYER**, 310 Fourth Avenue South, Suite 1008, Minneapolis, MN 55415, for defendant.

On March 19, 2013, after a jury trial, Defendant Anthony Francis Cree was convicted on six counts, including a count of conspiracy to participate in the affairs of an enterprise through a pattern of racketeering activity. Prior to this trial, on February 9, 2012, United States Magistrate Judge Janie S. Mayeron issued a protective order mandating that (1) discovery materials produced by the United States must at all times remain in the custody of Cree's counsel[1]; (2) Cree may not make copies of such materials or retain the materials outside of the presence of counsel; (3) at the conclusion of Cree's case, including the exhaustion of appeals, defense counsel must return such discovery materials to the United States, including any copies made by counsel; and (4) discovery materials shall be maintained by the United States for at least ten years from the date of

---

[1] Discovery materials may also remain in the custody of investigators or other staff who work with defense counsel.

the final appeal of the last of Cree's co-defendants. (Docket No. 227.) Cree objected to the Magistrate Judge's order. The Court affirmed the order on April 30, 2012. (Docket No. 588.) Cree now moves the Court for an order that materials admitted into evidence at his trial as exhibits be exempted from the protective order, so that he may possess copies of them personally and without counsel's presence. The Court will deny Cree's motion.

Cree argues that, because the material he seeks to exempt from the protective order was introduced as evidence at trial, it is now public and he should have unrestricted access to it.[2] However, the entry of material into evidence does not deprive this Court of its supervisory power over this evidence. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986).

The Court has weighed the competing interests in this case and determined that providing Cree with copies of the evidence introduced at trial is unwarranted. There was substantial evidence introduced at trial about the Native Mob's retaliation against cooperating witnesses, and the Court finds that providing Cree with copies of trial evidence has a significant risk of putting cooperating witnesses in danger. Furthermore, providing Cree with copies of trial evidence is unnecessary to protect his rights because, under the current protective order, Cree has access to this evidence through his attorney.

---

[2] Cree has cited to no authority holding that defendants have an unconditional right to copies of all evidence introduced at trial.

- 2 -

*Cf. United States v. McDougal*, 103 F.3d 651, 658 (8th Cir. 1996) (noting district court's consideration of potential misuse of evidence and whether substantial access to evidence had already been afforded, when deciding whether to provide the public with further access to evidence). Although Cree has the right to access the evidence of record, he does not have the right to possess copies of this evidence. *See Webbe*, 791 F.2d at 106 (holding that public had right to access evidence introduced at trial but did not have right to copies of such evidence). Thus, the Court will deny Cree's motion.

If, however, there is specific evidence that would be a hardship for Cree to review in the presence of his attorney, Cree may petition this Court for a more specific exception to the protective order. Such a request should identify specific pieces of evidence or categories of evidence to which Cree requests an exception, the conditions under which Cree seeks to access such evidence, and an explanation regarding why the current protective order would burden Cree's substantial rights as to those pieces or categories of evidence.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Anthony Cree's Motion to Exclude Trial Exhibits from the Protective Order [Docket No. 1120] is **DENIED.**

DATED: May 14, 2013　　　　　　　　　　　\_\_\_\_s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge