UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| (1) WAKINYAN WAKAN MCARTHUR,<br>(4) ANTHONY FRANCIS CREE, and<br>(6) WILLIAM EARL MORRIS, | |
| Defendants. | |

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for plaintiff.

Frederick J. Goetz, **GOETZ & ECKLAND PA**, 43 Main Street Southeast, Suite 505, Minneapolis, MN 55414, for defendant Wakinyan Wakan McArthur.

John C. Brink, **JOHN C. BRINK, LAWYER**, 310 Fourth Avenue South, Suite 1008, Minneapolis, MN 55415, for defendant Anthony Francis Cree.

Thomas H. Shiah, **LAW OFFICES OF THOMAS H. SHIAH**, 247 Third Avenue South, Minneapolis, MN 55415, for defendant William Earl Morris.

On March 19, 2013, following an eight-week trial, a jury returned a mixed verdict but found each defendant, Wakinyan Wakan McArthur, Anthony Francis Cree, and William Earl Morris, guilty on multiple counts. Each defendant now brings a motion for acquittal and a new trial, which the Court will deny.

# BACKGROUND

Count 1 of the Superseding Indictment alleged that the defendants were involved in a "Conspiracy to Participate in Racketeering Activity" because of their participation in the Native Mob gang. (July 19, 2012, Docket No. 709.) The Superseding Indictment included additional charges against each defendant, including violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, 28 U.S.C. §§ 1961 *et seq.*, and the prosecution sought to prove the guilt of each defendant on multiple counts at trial. In addition to Count 1, the prosecution brought the following additional charges against at least one defendant:

- Count 2 (18 U.S.C. § 924(o)): Conspiracy to Use and Carry Firearms During and in Relation to a Crime of Violence

- Count 3 (18 U.S.C. §§ 2, 1959(a)(5)): Attempted Murder in Aid of Racketeering

- Count 4 (18 U.S.C. §§ 2, 1959(a)(3)): Assault With a Dangerous Weapon in Aid of Racketeering

- Count 5 (18 U.S.C. §§ 2, 924(c)(1)(a)): Use and Carrying of Firearm During and in Relation to a Crime of Violence [on or around March 4, 2010]

- Count 6: (18 U.S.C. §§ 922(g)(1), 924(e)) Armed Career Criminal in Possession of a Firearm

- Count 7 (21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), 846):[1] Conspiracy to Distribute and Possess With Intent to Distribute Controlled Substances

- Count 8 (21 U.S.C. §§ 2, 841(a)(1), (b)(1)(C)): Distribution of a Controlled Substance

---

[1] Count 7 at trial was Count 38 in the Superseding Indictment; Count 8 at trial was Count 41 in the Superseding Indictment; Count 9 at trial was Count 49 in the Superseding Indictment; Count 10 at trial was Count 50 of the Superseding Indictment; Count 11 at trial was Count 56 in the Superseding Indictment.

- Count 9 (18 U.S.C. §§ 2, 924(c)(1)(A)): Use and Carrying of a Firearm During and in Relation to a Crime of Violence [on or around November 30, 2007]

- Count 10 (18 U.S.C. §§ 2, 924(c)(1)(A)): Use and Carrying of a Firearm During and in Relation to a Crime of Violence [on or around August 24, 2010]

- Count 11 (18 U.S.C. §§ 2, 924(c)(1)(A)): Use and Carrying of a Firearm During and in Relation to a Crime of Violence [on or around March 28, 2011][2]

The jury found McArthur guilty of Counts 1, 2, 7, 8, 10, and 11 and not guilty of Counts 3 through 5, and 9. The jury found Cree guilty on all relevant counts: Counts 1 through 5 and 7. The jury found Morris not guilty of Counts 1 and 2 and guilty of Counts 3 through 6.

McArthur argues that there is insufficient evidence as to Counts 10 and 11 to support his conviction. Cree seeks a judgment of acquittal as to all counts against him, arguing there is insufficient evidence to support his conviction. Morris seeks acquittal on Counts 3, 4, and 5, and a new trial on Count 6, arguing that the jury's verdict was legally inconsistent and that there was insufficient evidence to sustain his conviction on these counts. In the alternative, Morris seeks a new trial on all counts because the Court failed to grant him a continuance after he suffered a nose bleed during trial. Cree and Morris also move for a mistrial, arguing that the Court improperly replaced a juror during deliberations.

---

[2] For Counts 3 through 5 and 8 through 11, the defendant could be found guilty if he aided or abetted the commission of the crime. *See* 18 U.S.C. § 2. (*See also* Jury Instructions Nos. 41-50, 63-70; Mar. 12, 2013; Docket No. 1072.)

# ANALYSIS

## I. MOTIONS FOR JUDGMENTS OF ACQUITTAL

### A. Standard of Review

Rule 29 of the Federal Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain the conviction. The standard for determining whether evidence is insufficient is strict, requiring acquittal only where there is "no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Moore*, 108 F.3d 878, 881 (8th Cir. 1997). In making this determination, the Court looks at the evidence in the light most favorable to the verdict, and accepts as established all reasonable inferences supporting the verdict. *United States v. Cruz*, 285 F.3d 692, 697 (8th Cir. 2002).

### B. McArthur

McArthur argues that there was insufficient evidence to support his conviction under Counts 10 and 11. McArthur argues that the prosecution did not present evidence that "he had anything to do with using and carrying a firearm" on August 24, 2010 (Count 10) or March 28, 2011 (Count 11). The prosecution alleged that McArthur aided or abetted the possession and use of firearms on both these dates: in the shooting of a residence in Bemidji, Minnesota on August 24, 2010; and in a home invasion on the Leech Lake Indian reservation on March 28, 2011.

One who aids and abets the possession of a firearm in furtherance of a racketeering enterprise is punishable as the principal. *See* 18 U.S.C. §§ 2, 924(c)(1)(A); *United States v. Rolon-Ramos*, 502 F.3d 750, 756 (8th Cir. 2007). Thus, the prosecution needed to present sufficient evidence for the jury to find that someone used or carried the firearm in furtherance of the conspiracy and that McArthur's actions aided and abetted that possession. *See Rolon-Ramos*, 502 F.3d at 756.

McArthur emphasizes that he presented evidence showing a money transfer to him on August 23, 2010 in Brooklyn Park, Minnesota, so he could not have used a firearm in Bemidji, Minnesota on August 24, 2010. The prosecution, however, did not need to show that McArthur was physically present on either date in order to establish that he aided and abetted the crimes. Three different witnesses testified that McArthur had ordered the events. The jury also heard evidence that McArthur encouraged using firearms to commit crimes including the elimination of enemies of the Native Mob. The prosecution further presented the jury with circumstantial evidence, including forensic examination of the bullets from the crime scenes, linking the firearms to the Native Mob.

As noted above, the "jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *Moore,* 108 F.3d at 881. The Court finds that there was sufficient evidence that would allow a reasonable jury to find McArthur guilty of encouraging and aiding in the use and carrying of firearms on both August 24, 2010 and March 28, 2011.

Therefore, McArthur's motion for a judgment of acquittal based on insufficiency of the evidence will be denied.[3]

### C. Cree

Cree also moves for a judgment of acquittal, arguing that there was insufficient evidence to convict him of Counts 1 through 5 and 7. With respect to Count 1, Cree contends that the evidence was insufficient to prove a RICO claim. With respect to the other counts, Cree alleges the evidence is insufficient because the witnesses were not credible.

#### 1. RICO claim

In order to show a RICO violation, the prosecution must prove that Cree engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009) (quoting *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Cree argues that the evidence did not support the enterprise requirement or a pattern of racketeering activity.

##### a. The Enterprise Requirement

"Three elements must be proven to show that a RICO enterprise existed: (1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering." *United States v. Lee,*

---

[3] McArthur moves, in the alterative, for a new trial, presenting the same arguments and evidence as for his motion for acquittal. *See* Fed. R. Crim. P. 33 (permitting the Court to grant a new trial "if the interest of justice so requires"). Because the Court finds the evidence was sufficient for the jury to convict McArthur, this motion will also be denied.

374 F.3d 637, 647 (8th Cir. 2004). The Court finds that the prosecution presented sufficient evidence of each prong.

First, the prosecution presented evidence that the Native Mob had "a common purpose." *See id.* Multiple witnesses testified about several common purposes of the Native Mob including the following: providing its members in prison with protection and financial support, endowing its members on the streets protection and prestige, retaliating against informants, and supplying sources for illegal drugs.

Second, the prosecution presented evidence of continuity of structure. Despite some changes in leadership, and, as Cree argues, variety in the "hustle" used by its members, "the activities of the group exhibit a pattern of roles and a continuing system of authority; the essential identity of the enterprise endured." *United States v. Kragness*, 830 F.2d 842, 857 (8th Cir. 1987). Cree admits that the group had a Chief – or Ogema – and co-Ogemas. The prosecution also presented evidence that with these roles came certain responsibilities, including overseeing the gang, making sure members followed its rules, and ensuring the continued existence of the Native Mob. The prosecution also presented evidence that some individuals were longtime members of the Native Mob, and that even when there were "changes in structure and personnel," often because a member went to prison, the group did not lose its "identity as an enterprise." *Id.* at 856.

Third, the prosecution also presented evidence that the enterprise had an ascertainable structure distinct from the commission of the underlying crimes. That is, the structure of the Native Mob "differs from that inherent in each act engaged in by members of the group." *United States v. Kehoe*, 310 F.3d 579, 587 (8th Cir. 2002). For example, the prosecution offered evidence that the Native Mob had ongoing membership,

council meetings, bylaws or rules, geographic areas of responsibility, and other structural features independent of the structure used to commit the underlying crimes such as murder, attempted murder, drug dealing, and witness tampering.

Finally, Cree argues that there was no proof of hierarchical structure because decisions were made by consensus in the circle and each member had a vote. But a group "need not have a hierarchical structure" to function as an enterprise for RICO purposes. *Boyle v. United States*, 556 U.S. 938, 948 (2009). As the Court instructed the jury, "decisions may be made on an ad hoc basis and by any number of methods – by majority vote, consensus, a show of strength, etc." *Id.* (*See* Jury Instruction No. 31.) In sum, the Court finds that there was sufficient evidence to allow a reasonable jury to find that a RICO enterprise existed.

### b. Pattern of Racketeering Activity

Cree also argues that there was insufficient proof of a pattern of racketeering activity. In order to prove a pattern of racketeering activity, the prosecution must prove (1) at least two acts of racketeering were committed within ten years of each other; (2) the racketeering acts had a nexus to the enterprise and were related to the enterprise; and (3) the racketeering acts extended over a substantial period of time or posed a threat of continued criminal activity. *See* 18 U.S.C. § 1961(5); *see also H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989); *Handeen v. Lemaire*, 112 F.3d 1339, 1353 (8th Cir. 1997). "Racketeering activity," for purposes of RICO, includes "any act or threat involving murder, kidnapping, . . . robbery, bribery, . . . or dealing in a controlled

substance . . . which is chargeable under State law and punishable by imprisonment for more than one year . . . ." 18 U.S.C. § 1961(1).

Cree argues that the drug deals, robberies, and shootings presented at trial were unconnected, spontaneous acts and were not related to the enterprise. But the prosecution offered evidence that the Native Mob retaliated against those who informed on members, that the crimes were used to increase the prestige of the gang and its members and to eliminate or harm rival gang members, and that the money resulting from the crimes was used to support members of the Native Mob, particularly those in prison. In addition, members of the Native Mob authorized or ordered specific acts and those actions were discussed at council meetings. Thus, the Court finds that there was sufficient evidence for the jury to find a pattern of racketeering activity.

### 2. Credibility of Witnesses

Cree challenges the sufficiency of the evidence by arguing that the prosecution's witnesses were not credible, particularly the witnesses presented to prove that Cree was involved in the shooting of Amos Laduke and conspired in the distribution of controlled substances. "A jury's credibility determinations are well-nigh unreviewable because the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony." *United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010). Although Cree identifies reasons why the jury could not have believed the various witnesses' testimony, such as their criminal histories or relationship with the victim, Cree does not show that "this is the rare case where no reasonable person could believe the incriminating testimony." *United States v. Bradley*, 643 F.3d 1121, 1125 (8th Cir. 2011) (internal

quotation marks omitted); *see also United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010) ("Only when credibility determinations are internally inconsistent, based upon incoherent or implausible testimony, or directly at odds with objective evidence is a more searching review warranted.") The Court will not reweigh the credibility of the witnesses; this is a question for the jury. *See Bradley*, 643 F.3d at 1125. Moreover, Cree's counsel and counsel for his co-defendants vigorously cross-examined the witnesses, providing the jury with the information needed to make a credibility determination. The Court finds that there was sufficient evidence for a reasonable jury to find that Cree was involved in the shooting of Laduke and conspired in the distribution of controlled substances.

The Court finds that the prosecution presented sufficient evidence to show a RICO conspiracy as defined in Count 1 and to show that Defendant was involved in the acts alleged in Counts 2 through 5 and 7. The Court will, therefore, deny Cree's motion for a judgment of acquittal.

### D. Morris

Morris' sole argument in his motion for judgment of acquittal is that the jury's verdict is legally inconsistent. Morris contends the verdict was inconsistent because he was acquitted of Counts 1 and 2 but convicted of Counts 3 through 5.

Even if the verdicts are inconsistent, this inconsistency does not support Morris' motion for acquittal. "[I]nconsistency between verdicts on separate counts of an indictment does not entitle a defendant to reversal of a conviction on insufficient-evidence grounds." *United States v. Kragness*, 830 F.2d 842, 859 & n.15 (8th Cir. 1987)

(citing *United States v. Powell*, 469 U.S. 59, 68-69 (1984)).  Any attempt to explain why Morris was convicted of Counts 3 through 5 but acquitted on Count 1 "would be based either on pure speculation, or would require inquiries into the jury's deliberations that courts generally will not undertake."  *Powell*, 469 U.S. at 66.  The only question is "whether the government presented sufficient evidence to support the counts of conviction."  *United States v. Opare-Addo*, 486 F.3d 414, 417 (8th Cir. 2007).  Morris acknowledges this firmly established rule and the Court concludes there is no reason that the rule does not apply in the present case.

The jury heard evidence that Morris attempted to kill Amos Laduke with a firearm, and that Morris acted with premeditation when he shot at Laduke.  The jury also heard evidence that this assault and attempted murder was in aid of racketeering.  For example, the jury heard evidence that Native Mob leaders ordered or authorized the Laduke shooting.  The jury also heard testimony from Morris that he had known and had spoken with high ranking members of the Native Mob.  Morris also admitted that he had exchanged letters with members of the Native Mob that included Native Mob symbols.  In addition, witnesses testified that committing crimes was considered doing "work" for the Native Mob and increased a person's status within the group.  In sum, the Court finds that there is sufficient evidence to support Morris' conviction on Counts 3 through 5.  The Court will therefore deny Morris' motion for a judgment of acquittal and for a new trial on Count 6.

## II. MOTIONS FOR A NEW TRIAL

### A. Standard of Review

Federal Rule of Criminal Procedure 33 permits the Court to grant a new trial "if the interest of justice so requires." The Court has "broad discretion in ruling upon a motion for new trial," *United States v. Bennett*, 956 F.2d 1476, 1481 (8th Cir. 1992), but a motion should be granted only "sparingly and with caution." *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004).

### B. Morris' Motion for a Continuance

Morris seeks a new trial contending that the Court erred by denying his motion for continuance. During the trial, Morris suffered a nasal hemorrhage that resulted in discomfort during trial. According to Morris, he was unable to concentrate for a week of the trial and his medical issue caused him to be presented in an unfavorable light to the jury.

"District courts are afforded broad discretion when ruling on requests for continuances. Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." *United States v. Vesey*, 330 F.3d 1070, 1072 (8th Cir. 2003). Although the Court noted that Morris was in some discomfort during parts of the trial, it made sure that Morris had adequate medical care and medication at all times. The Court explained to the jury that Morris had suffered from a nose bleed. Morris fails to identify any specific ways in which he was not able to participate in his defense or any prejudice that resulted. The Court finds no risk that the

jury was prejudiced against Morris because of his condition. Thus, the interests of justice do not require a new trial.

        **C.     Replacement of Juror**

Both Cree and Morris argue they are entitled to a new trial because the Court denied their motion for a mistrial and instead replaced a sitting juror with an alternate. On the second day of deliberations, the Court learned that a juror had researched RICO definitions on the internet and reported for deliberations with hard copies of her research, contrary to the Court's instructions. The other jurors sent the Court a note maintaining that although they knew the juror had brought in information, they had not examined it. The Court questioned the juror in open court (but outside the presence of the rest of the jury) and determined that she had not shared the information with the other jurors, nor had jurors discussed the content of the material. Morris and Cree then moved for a mistrial. The Court denied the motions. After conferring, counsel for all co-defendants asked the Court to dismiss the juror. Accordingly, the Court dismissed the juror, and replaced the juror with an alternate. The jury was instructed to begin deliberations from the beginning.

"In determining whether the juror misconduct is fatal to a trial, the first question . . . is whether it exposed the jury to factual matters not in evidence." *United States v. Eizember*, 485 F.3d 400, 403-04 (8th Cir. 2007) (internal quotation marks omitted). The Court determined that none of the other jurors had been exposed to the outside research and that no conduct had occurred that would prejudice the defendants. The defendants present no evidence that the remaining jurors were tainted in any way.

*United States v. Schoppert*, 362 F.3d 451, 459 (8th Cir. 2004) ("A defendant must, moreover, make some effort to support an allegation of jury taint before . . . declaration of a mistrial will be appropriate.") In light of the total lack of evidence that the other members of the jury considered the extrinsic material, the Court will deny Cree's and Morris' motions for a new trial.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Wakinyan Wakan McArthur's Motion for Judgment of Acquittal, or in the Alternative, a New Trial [Docket Nos. 1151, 1155] is **DENIED.**

2. Anthony Francis Cree's Motion for Judgment of Acquittal and a New Trial [Docket Nos. 1153, 1168] is **DENIED.**

3. William Earl Morris's Motion for Judgment of Acquittal and a New Trial [Docket Nos. 1148, 1154] is **DENIED.**

DATED: August 2, 2013　　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge