UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-26 (12) (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| IRAH LEE GOODWIN, | |
| Defendant. | |

Andrew R. Winter and Steven L. Schleicher, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis MN 55415, for plaintiff.

Matthew D. Forsgren, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for defendant.

On September 25, 2012, the Court held a change of plea hearing for defendant Irah Lee Goodwin. (Change of Plea Tr., Jan. 18, 2013, Docket No. 955). Goodwin agreed to plead guilty to assault with a dangerous weapon in aid of racketeering, and to enter into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. (*See id.* 10:4-10, 22:20-23.) Goodwin now seeks to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(1), arguing that the Court never accepted his plea. *United States v. Norris*, 486 F.3d 1045, 1049 (8th Cir. 2007) ("[B]efore the guilty plea is accepted, either party may withdraw from the plea agreement."). The prosecution argues that the Court accepted the plea and that Goodwin should not be permitted to withdraw

his plea absent a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). It is possible for a court to defer acceptance of the **plea agreement** while still accepting the guilty plea. *United States v. Hyde*, 520 U.S. 670, 674 (1997). The Court did not accept the plea agreement. (*Id.* 20:13-14.) In this case, the Court further finds that it did not accept Goodwin's guilty plea.

The Court has "carefully review[ed] the transcript," and it cannot say that at any time during the Change of Plea hearing it explicitly accepted Goodwin's guilty plea. *United States v. Head*, 340 F.3d 628, 630 (8th Cir. 2003). Although the Court detailed the consequences of pleading guilty, it clearly stated that it would "not accept the plea agreement today." (Change of Plea Tr. 20:13-15.) While the Court found "the plea of guilty to be knowing and voluntary and supported by a sufficient factual basis," it nevertheless deferred "final acceptance of the plea agreement until sentencing" and stated that "at that time, the Court will make the necessary determination of the defendant's guilt." (*Id.* 29:18-23.) *See Head*, 340 F.3d at 630-31; *see also United States v. Tyerman*, 641 F.3d 936, 942 (8th Cir. 2011) ("[T]he district court never explicitly accepted the guilty plea through the use of words such as 'I accept your plea of guilty.'" (internal quotation marks omitted)).

Nor did the Court implicitly accept the plea. *See Tyerman*, 641 F.3d at 942. Although the Court repeatedly stated that it was deferring acceptance of the "plea **agreement**" (Change of Plea Tr. at 20:13-16, 20:25-21:1 29:20-22 (emphasis added)), the Court's language also "indicated that it was 'putting off' . . . acceptance of the guilty plea pending its review of the [probation office's recommendations]." *Tyerman*, 641 F.3d at

943.  Most importantly, the Court explained that it was not making the necessary determination of the defendant's guilt at the change of plea hearing.  (*Id.* 21:3-5, 29:22-23.)  Because the Court finds that it never accepted Goodwin's plea, Goodwin is entitled to withdraw his plea "for any reason or no reason," and the Court therefore accepts Goodwin's Notice of Withdrawal of Plea.  Fed. R. Crim. P. 11(d)(1).

The Court will schedule a telephonic hearing as soon as possible to discuss scheduling deadlines.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Irah Lee Goodwin's Notice of Withdrawal of Plea [Docket No. 1288] is **ACCEPTED.**

DATED:  August 30, 2013  
at Minneapolis, Minnesota.

                                             s/ John R. Tunheim  
                                             JOHN R. TUNHEIM  
                                             United States District Judge