AO 245B (Rev. 11/11) Sheet 1 - Judgment in a Criminal Case

# United States District Court
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**WAKINYON WAKAN MCARTHUR** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **12-026 (1) (JRT/JSM)**<br>USM Number: **16299-041**<br>Social Security Number: 2488<br>Date of Birth: 1978<br><br>**Frederick Goetz**<br>Defendant's Attorney |

**THE DEFENDANT:**
[] pleaded guilty to count(s): .
[] pleaded nolo contendere to counts(s)  which was accepted by the court.
[X] was found guilty on count(s) **1rs, 2rs, 7rs, 8rs, 10rs, 11rs**  after a plea of not guilty.
The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846 | Conspiracy to Participate in Racketeering Activity | 01/2012 | 1rs |
| 18:924(o) | Conspiracy to Use and Carry Firearms During and in relation to a Crime of Violence | 01/2012 | 2rs |
| 21:841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances | 01/2012 | 7rs |
| 21:841(a)(1), 841 (b)(1)(C) and 18:2 | Aided and Abetted Distribution of a Controlled Substance | 01/20/12 | 8rs |
| 18:924(c)(1)(A) and 2 | Use and Carrying of a Firearm During and in Relation to a Crime of Violence | 01/2012 | 10rs |
| 18:924(c)(1)(A) and 2 | Use and Carrying of a Firearm During and in Relation to a Crime of Violence | 01/2012 | 11rs |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[] The defendant has been found not guilty on counts(s) .
[] Count(s)  (is)(are) dismissed on the motion of the United States.
A $600.00 special assessment for the Crime Victims Fund is required by statue to be paid immediately.

　　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in the economic circumstances.

**September 30, 2014**
Date of Imposition of Judgment

s/John R. Tunheim
Signature of Judge

**JOHN R. TUNHEIM**, United States District Judge
Name & Title of Judge

**October 8, 2014**
Date

AO 245B (Rev. 11/11)  Sheet 2 - Imprisonment

DEFENDANT:         WAKINYON WAKAN MCARTHUR
CASE NUMBER:    12-026 (1) (JRT/JSM)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **516 months total**.  This term consists of 156 months on counts 1, 2 and 8 and 60 months on count 7, all terms to run concurrently; 60 months on count 10 and 300 months on count 11, each term consecutive to the other terms.

[X]     The court makes the following recommendations to the Bureau of Prisons:
        **- The Court strongly urges placement in the state of Minnesota or as close to Minnesota as possible to allow the defendant to maintain contact with his minor children.**

[X]     The defendant is remanded to the custody of the United States Marshal.

[]      The defendant shall surrender to the United States Marshal for this district.
        [] at   on .
        [] as notified by the United States Marshal.

[]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [] before  on .
        [] as notified by the United States Marshal.
        [] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy United States Marshal

DEFENDANT: WAKINYON WAKAN MCARTHUR
CASE NUMBER: 12-026 (1) (JRT/JSM)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years total.** This term consists of 3 years supervised release on counts 1, 2 and 8; 4 years supervised release on count 7; 5 years on counts 10 and 11.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this Judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:         WAKINYON WAKAN MCARTHUR
CASE NUMBER:    12-026 (1) (JRT/JSM)

# SPECIAL CONDITIONS OF SUPERVISION

a    If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed.  The defendant may also participate in training, counseling daily job search, or other employment-related activities, as directed by the probation officer.

b    The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

c    The defendant shall participate in a program for substance abuse as approved by the probation officer.  That program may include testing and inpatient or outpatient treatment, counseling, or a support group.  Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

d    The defendant shall submit his person, residence, office, vehicle, or an area under the defendant's control to a search conducted by a United States Probation Officer or supervised designee, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a supervision violation.  The defendant shall warn any other residents or third parties that the premises and areas under the defendant's control may be subject to searches pursuant to this condition.

e    The defendant shall not associate with any member, prospect, or associate member of the Native Mob gang, or any other gang unless granted permission to do so by the probation officer.  The defendant shall not wear or possess any article of clothing, including but not limited to hats, insignia, emblems, jewelry, or paraphernalia, which may signify affiliation with or membership in the native Mob gang or any other gang.