AO 245B (Rev. 11/16)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **WILLIAM EARL MORRIS** | Case Number: **0:12-CR-00026-JRT-JSM(6)** |
| | USM Number: **16291-041** |
| | **Thomas H. Shiah** |
| | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☒ | was found guilty on count(s) after a plea of not guilty | **3rs, 4rs, 5rs, 6rs of the redacted superseding indictment** |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:1959(a)(5) and 18:2 AIDED AND ABETTED ATTEMPTED MURDER IN AID OF RACKETEERING | 08/28/2017 | 3rs |
| 18:1959(a)(3) and 18:2 AIDED AND ABETTED ASSAULT WITH A DANGEROUS WEAPON IN AID OF RACKETEERING | 08/28/2017 | 4rs |
| 18:924(c)(1)(A) and 2 USE AND CARRYING OF FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE | 08/28/2017 | 5rs |
| 18:922(g)(1) and 924(e)(1) ARMED CAREER CRIMINAL IN POSSESSION OF FIREARM | 08/28/2017 | 6rs |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☐    Count(s) ☐ is ☐ are dismissed on the motion of the United States.

☒    $400.00  Special Assessment is due and payable immediately.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**August 23, 2017**
Date of Imposition of Judgment


s/John R. Tunheim
Signature of Judge

**JOHN R. TUNHEIM**
**CHIEF JUDGE UNITED STATES DISTRICT COURT**
Name and Title of Judge

**September 1, 2017**

1

Date

AO 245B (Rev. 11/16) Sheet 2 - Imprisonment

DEFENDANT:          WILLIAM EARL MORRIS
CASE NUMBER:        0:12-CR-00026-JRT-JSM(6)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 380 months; 120 months as to count 3s; 240 months as to count 4s; and 120 months as to count 6s – all concurrent to each other and to the Cass County, MN, District Court state sentence in CR-10-513; 140 months as to count 5s consecutive to the terms imposed on each of counts 3rs, 4rs, and 6rs, and consecutive to the Cass County, MN, District Court state sentence in CR-10-513.

☒   The court makes the following recommendations to the Bureau of Prisons:
   **- The Court recommends placement in the state of Minnesota or as close to Minnesota as possible**
   **-** Defendant be allowed to participate in the 500-hour comprehensive drug treatment program offered by the Bureau of Prisons if he is eligible.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at                                on

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before                      on
   ☐   as notified by the United States Marshal.
   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


   Defendant delivered on _____ to ____

at _____, with a certified copy of this judgment.



                                        UNITED STATES MARSHAL

                                                By
                                        DEPUTY UNITED STATES MARSHAL

2

AO 245B (Rev. 11/16)  Sheet 3 – Supervised Release

DEFENDANT:          WILLIAM EARL MORRIS
CASE NUMBER:        0:12-CR-00026-JRT-JSM(6)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three (3) years on counts 3, 4, and 6 and five (5) years on count 5 – all concurrent.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 11/16)  Sheet 3A – Supervised Release

DEFENDANT:          WILLIAM EARL MORRIS
CASE NUMBER:        0:12-CR-00026-JRT-JSM(6)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature  _____   Date _____

Probation Officer's Signature  _____   Date _____

4

AO 245B (Rev. 11/16)  Sheet 3D – Supervised Release

| | |
|---|---|
| DEFENDANT: | WILLIAM EARL MORRIS |
| CASE NUMBER: | 0:12-CR-00026-JRT-JSM(6) |

# SPECIAL CONDITIONS OF SUPERVISION

a. The defendant shall abstain from the use of alcohol and other intoxicants and not frequent establishments whose primary business is the sale of alcoholic beverages.

b. The defendant shall participate in a program for substance abuse as approved by the probation officer.  That program may include testing and inpatient or outpatient treatment, counseling, or a support group.  Further, the defendant shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment.

c. The defendant shall not associate with any member, prospect, or associate member of the Native Mob gang, Third Avenue Killers gang, or any other gang unless granted permission to do so by the probation officer.  The defendant shall not wear or possess any article of clothing, including but not limited to hats, insignia, emblems, jewelry, or paraphernalia, which may signify affiliation with or membership in the Native Mob gang, Third Avenue Killers gang, or any other gang.

d. If not employed at a regular lawful occupation, as deemed appropriate by the probation officer, the defendant may be required to perform up to 20 hours of community service per week until employed.  The defendant may also participate in training, counseling daily job search, or other employment-related activities, as directed by the probation officer.